The opinion of the Court was delivered by
Inglis, A. J.
The action here was “case" within the summary process jurisdiction, against the sheriff for neglect of official duty, in failing to arrest one Margaret Brown .on a bail process lodged with him, on behalf of the present plaintiff whereby the latter lost his debt. The proof was, that the process was lodged with the sheriff in the evening, and his attention called to its nature; that he left his office and the court-house village the same evening, taking the process with him'; was out the next day trying to execute it, and did not return until after the lapse of two days ; that in the meantime, on the day next after the lodgment of the process, Margaret Brown, the defendant therein, whose residence, until that time, had been some ten miles distant, was at the village, and on the following day, while the sheriff was still absent, left for Florida, and so departed .the State. The Judge below, not thinking that there was in these facts such official negligence as made the sheriff responsible in law for the plaintiff’s loss, decreed for the defendant. This Court has not discovered error in his decree, and certainly does not see that there is no evidence to sustain it, or that the preponderance of the evidence is the other way. It was, to be sure, the duty of the sheriff to effect the arrest if within his power, with reasonable, and even, if advised of the intention of the defendant therein to *15 leave the jurisdiction, instant promptness. But where was he to go for this purpose ? It will not be said that be was to wait in tbe village for ber to come thither. He had no reason, so far as appears, to expect her there, and due diligence in his duty did not therefore require him to keep a watch there for her. He took the process, and went in search of her, where he had reason to suppose he would find her. How could more diligence than this be demanded? If, by accident or her good fortune, he missed her, and so she escaped his efforts, what reason has this plaintiff, under such circumstances, to blame him ?
But it is said that the sheriff’s office was closed on the day on which Margaret Brown was present in the village; that if it had been open, and the sheriff, or a deputy had been in charge, she might have been arrested, and the plaintiff’s loss prevented; that it is the. duty of the sheriff to keep his office constantly open, and that to his default in this particular the loss is to be attributed, and for it he should therefore be held responsible. It is sufficient to say that this is not the official default which is the cause of the plaintiff’s action, as laid by himself in his count. That default is '“the failure to arrest Margaret Brown on a bail process, which had been lodged in his (thé sheriff’s) office.” And it is proper that the plaintiff shall be held to his pleading, since to that alone the defendant is bound to answer.
The duty of the sheriff'to keep his office open during the usual business hours of each day, for the access of all persons having need of his services, in his capacity of sheriff) even if there were no special statutory requisition to this effect, would result from the nature and purposes of his official functions. For any loss proven to have proceeded in the law’s regard from his failure in this duty, he would be prima facie responsible in damages to the party suffering. But it-wouldbean unreasonable stringency to hold him responsible, absolutely and at all events, for every *16 such consequence of his failure. He must be permitted to show that the closing of his office at the particular time was consistent with such reasonable diligence in the discharge of his official duties as is exacted by the law. The burden is, however, upon him to show this. In the present instance, the Judge below was of opinion that he had done so, and this Court does not see that his conclusion is not well sustained by the evidence.
But if the office had been open and a deputy present, what would this have availed the plaintiff, when the sheriff himself had the process with him ? It could not have been executed at Kingstreé, under such circumstances. And it has been seen that the sheriff, so far from being guilty of toy breach of duty in taking it out of the office, was therein engaged in the exact and prompt discharge of his duty.
It is supposed that the plaintiff might have sued out another bail process on the same cause of action, by virtue of which the debtor could have been arrested. The plain-, tiff; by the lodgment of his process, had commenced an action against his debtor for the recovery of his demand, which action was then pending, and the sheriff had the process for service. In this condition of things, he could not lawfully sue out another bail writ for the same cause. Nor is it seen how, in the particular circumstances, he could have had leave to discontinue the first process. The plaintiff’s loss, and his disappointment of the means whereby he hoped to prevent it, are not attributable to the sheriff’s failure to have his office open on the particular occasion referred to. If it were otherwise, yet, as has been seen, such failure is shown to have been consistent with the legal measure of official duty.
The motion is dismissed.
DüNkiN, C. J., and Wakdlaw, A. J., concurred.

Motion dismissed.